IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                                                                                                         No. CR 23-0347-JB

STEPHAN CHARLES LOPEZ,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on the Objections to the Pre-Sentence Investigation Report and Sentencing Memorandum Submitted on Behalf of Defendant Stephan Lopez, filed November 30, 2023 (Doc. 35)("Objections"). Sentencing in this matter will take place on December 12, 2024. See Order Granting Unopposed Motion to Continue Sentencing Hearing at 1, filed September 9, 2024 (Doc. 43). The primary issue is: (i) whether the United States Probation Office's Presentence Investigation Report, filed November 7, 2023 (Doc. 31)("PSR"), incorrectly applies a 4-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B) for possessing a firearm in connection with another felony offense, i.e., possession of heroin, methamphetamine, and fentanyl. Having reviewed carefully the parties' arguments, relevant law, and applicable facts, the Court concludes that the PSR incorrectly applies a 4-level enhancement under § 2K2.1(b)(6)(B), because Lopez possess his gun and his drugs in his home, not in public, so his possession of the gun does not embolden his possession of the drugs. Accordingly, the Court sustains Lopez' Objections.

**FACTUAL BACKGROUND**

    Law enforcement officers from the Federal Bureau of Investigation ("FBI") execute a

search warrant on an apartment in Albuquerque, New Mexico, on February 22, 2023. See PSR ¶ 10, at 6. Lopez answers the apartment's door when officers knock and announce. See PSR ¶ 10, at 6. Officers search and detain Lopez while they execute the search warrant. See PSR ¶ 11, at 6. Lopez tells officers that he has been living at the apartment for three weeks. See PSR ¶ 12, at 6. Additionally, Lopez tells officers that he is a heroin user, and that "there were two semi-automatic handguns within the residence and that he had moved them around the apartment." PSR ¶ 12, at 6. Furthermore, Lopez admits that he has previous convictions for manslaughter and felon in possession of a firearm. See PSR ¶ 12, at 6. Officers search the apartment and find: (i) a Glock 22 .40 caliber semi-automatic handgun, with a loaded magazine and a round in the chamber, in the master bedroom on the bed; (ii) a plastic bag containing a black tar-like substance in the master bedroom on the bed; (iii) a Colt New Agent .45 caliber semi-automatic handgun, with a loaded magazine and a round in the chamber, in the guest bedroom's closet; (iv) a plastic bag containing a white crystal-like substance in the master bedroom on the dresser; and (v) a plastic bag containing blue pills marked M30 in the master bedroom on the dresser. See PSR ¶ 13, at 6-7. The black tar-like substance, the white crystal-like substance, and the blue pills marked M30 are present in personal-use quantities. See PSR ¶ 15, at 7. Officers arrest Lopez, and he subsequently pleads guilty to one count of violating 18 U.S.C. § 922(g)(1), the felon-in-possession statute. See PSR ¶ 2, at 5.

## LAW REGARDING OBJECTIONS TO A PRESENTENCE REPORT

Before the Court imposes a sentence, the USPO "must conduct a presentence investigation and submit a report to the court . . . ." Fed. R. Crim. P. 32(c)(1). A presentence report must apply the advisory sentencing Guideline, meaning that it must:

    (A)    identify all applicable guidelines and policy statements of the Sentencing Commission;

  (B)  calculate the defendant's offense level and criminal history category;

  (C)  state the resulting sentencing range and kinds of sentences available;

  (D)  identify any factor relevant to:

    (i)  the appropriate kind of sentence, or

    (ii)  the appropriate sentence within the applicable sentencing range; and

  (E)  identify any basis for departing from the applicable sentencing range.

Fed. R. Crim. P. 32(d)(1).  A presentence report also must provide additional information, including:

  (A)  the defendant's history and characteristics, including:

    (i)  any prior criminal record;

    (ii)  the defendant's financial condition; and

    (iii)  any circumstances affecting the defendant's behavior that may be helpful in imposing sentence or in correctional treatment;

  (B)  information that assesses any financial, social, psychological, and medical impact on any victim;

  (C)  when appropriate, the nature and extent of nonprison programs and resources available to the defendant;

  (D)  when the law provides for restitution, information sufficient for a restitution order;

  (E)  if the court orders a study under 18 U.S.C. § 3552 (b), any resulting report and recommendation;

  (F)  a statement of whether the government seeks forfeiture under Rule 32.2 and any other law; and

  (G)  any other information that the court requires, including information relevant to the factors under 18 U.S.C. § 3553(a).

Fed. R. Crim. P. 32(d)(2).

After the USPO files a PSR, the parties have an opportunity to object to the report. See Fed. R. Crim. P. 32(f). Parties must make their objections in writing within fourteen days of receiving the PSR. See Fed. R. Crim. P. 32(f)(1). Parties may object to many aspects of the PSR, "including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report." Fed. R. Crim. P. 32(f)(1). For example, a party can object to a PSR's statement of facts. See, e.g., United States v. Garcia, No. CR 20-1370 KWR, 2022 WL 2341670 (D.N.M. June 29, 2022)(Riggs, J.)(sustaining in part and overruling in part a defendant's objections that a PSR misstates material facts regarding the posted speed limit and the circumstances surrounding the victim's injuries). If a party raises a factual objection, it must present "information to cast doubt on" the PSR's recitation of the facts. See United States v. Yates, 22 F.3d 981, 989 (10th Cir. 1994). A party also can object that the USPO miscalculated a defendant's criminal history category. See, e.g., United States v. Chavez, No. CR 18-0836 JB, 2018 WL 6621283 (D.N.M. December 18, 2018)(Browning, J.)(addressing a defendant's objections that the Court should reduce his criminal history category by several points). Similarly, a party can object that a PSR impermissibly applies a base-offense-level enhancement, see, e.g., United States v. Casias-Grove, No. 22-0109 JB, 2022 WL 17830249 (D.N.M. December 21, 2022)(Browning, J.)(sustaining a defendant's objection that the PSR impermissibly applies a 4-level enhancement to his base-offense-level); that the PSR should have applied an additional base-offense-level enhancement, see, e.g., United States v. Talk, No. CR 19-1994 JB, 2021 WL 1978624 (D.N.M. May 18, 2021)(Browning, J.)(sustaining the United States' objection that the PSR should have applied a 4-level enhancement to the defendant's base offense level); or that the PSR should have applied a base offense level decrease, see, e.g., United States v. Pena, Nos. CR 19-3609 JB, CR 19-3611 JB, 2022 WL 16924000 (D.N.M. November 13, 2022)

(Browning, J.)(sustaining the parties' objections that the PSR should have applied a 2-level reduction to the defendant's base offense level).

Ideally, the parties and the USPO can work through objections without the Court's assistance. Rule 32(f)(3) establishes: "After receiving objections, the probation officer may meet with the parties to discuss the objections. The probation officer may then investigate further and revise the presentence report as appropriate." Fed. R. Civ. P. 32(f)(3). In keeping with rule 32(f)(3), long ago in the District of New Mexico, the Court, the United States Attorney's Office, and the Federal Public Defender's Office agreed that, if there are objections, counsel first will talk to the USPO and see if they can work to address the objections independently. If the parties and the USPO cannot work out an objection, then the parties may file an objection with the Court. If the parties and the USPO cannot resolve an objection, rule 32(g) establishes that, "[a]t least 7 days before sentencing, the probation officer must submit to the court and to the parties the presentence report and an addendum containing any unresolved objections, the grounds for those objections, and the probation officer's comments on them." Fed. R. Crim. P. 32(g).

If the parties and the USPO cannot resolve an objection on their own, the Court "must . . . rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B). When resolving factual objections, the Court must determine whether the United States has met its burden of proving disputed facts by a preponderance of the evidence. See United States v. Munoz-Tello, 531 F.3d 1174 (10th Cir. 2008). Similarly, in considering objections to enhancements to a defendant's criminal history category or base offense level, the Court must determine whether the United States has met its burden of showing that a particular

enhancement applies by a preponderance of the evidence.[1] See United States v. Cervantes-Chavez, 59 F. Supp. 3d 1295, 1315 (D.N.M. 2014)(Browning, J.). The Court may base its conclusion "on evidence presented at trial, undisputed statements in the PSR, and evidence presented at the sentenc[ing] hearing." United States v. Garcia, 2022 WL 2341670, at *2 (quoting United States v. White, 663 F.3d 1207, 1216 (11th Cir. 2011)).

**LAW REGARDING THE BURDEN OF PROOF REQUIRED FOR ENHANCEMENTS UNDER THE GUIDELINES**

In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court of the United States reaffirms the principle that it is permissible for sentencing judges "to exercise discretion -- taking into consideration various factors relating both to offense and offender -- in imposing judgment within the range prescribed by statute." 530 U.S. at 481 (emphasis in original). The Supreme Court cautions, however, that the Constitution of the United States of America limits this discretion and that the Sixth Amendment to the Constitution requires that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. at 490. In Blakely v. Washington, 542 U.S. 296 (2004), the Supreme Court elaborates on its holding in Apprendi v. New Jersey, stating that the "'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely v. Washington, 542 U.S. at 303 (emphasis in original)(citing Ring v. Arizona, 536 U.S. 584, 602 (2002); Harris v. United States, 536 U.S. 545, 563 (2002)(plurality opinion), overruled by Alleyne v. United States, 570 U.S. 99 (2012)). In United States v. Booker, however, the Supreme Court holds that, because the

---

[1] There is some nuance regarding the applicable burden of proof required for sentencing enhancements, which the Court discusses in greater detail in the next section.

sentencing guideline ranges are no longer mandatory, "Apprendi does not apply to the present advisory-Guidelines regime." United States v. Ray, 704 F.3d 1307, 1314 (10th Cir. 2013)(citing United States v. Booker, 543 U.S. at 259).  See United States v. Booker, 543 U.S. at 259 ("[W]ithout this provision [of the Guidelines statute] -- namely, the provision that makes 'the relevant sentencing rules . . . mandatory and impose[s] binding requirements on all sentencing judges' -- the statute falls outside the scope of Apprendi's requirement."(quoting United States v. Booker, 543 U.S. at 221)(United States v. Booker adds the second alteration; the Court adds the first alteration)).  More recently, the Supreme Court holds that Apprendi v. New Jersey's requirements apply to facts that increase a defendant's mandatory minimum sentence.  See Alleyne v. United States, 570 U.S. at 103.

In United States v. Magallanez, 408 F.3d 672 (10th Cir. 2005), the Tenth Circuit holds that Blakely v. Washington and United States v. Booker do not change the district court's enhancement findings analysis.  See 408 F.3d at 684-85.  United States v. Magallanez involves plain-error review of a drug sentence in which a jury finds the defendant guilty of conspiracy to possess with intent to distribute and conspiracy to distribute methamphetamine.  See United States v. Magallanez, 408 F.3d at 676.  As part of its verdict, the jury, through a special interrogatory, attributes to the defendant 50 to 500 grams of methamphetamine; at sentencing, however, the judge -- based on government witnesses' testimony of the various amounts that they had sold to the defendant -- attributes 1,200 grams of methamphetamine to the defendant and uses that amount to calculate his sentence under the Guidelines.  See 408 F.3d at 682.  The district court's findings increase the defendant's Guidelines sentencing range from 63 to 78 months, based on the jury's 50 grams amount, to 121 to 151 months, based on the judge's 1,200 grams amount.  See 408 F.3d at 682-83.  On appeal, the Tenth Circuit states that, both before and after Congress' passage of the

"Sentencing Reform Act, sentencing courts maintain the power to consider the broad context of a defendant's conduct, even when a court's view of the conduct conflicted with the jury's verdict." United States v. Magallanez, 408 F.3d at 684.  Although United States v. Booker makes the Guidelines ranges "effectively advisory," United States v. Booker, 543 U.S. at 245, the Tenth Circuit reaffirms that "district courts are still required to consider Guideline ranges, which are determined through application of the preponderance standard, just as they were before," United States v. Magallanez, 408 F.3d at 685.

The Tenth Circuit, while "recognizing 'strong arguments that relevant conduct causing a dramatic increase in sentence ought to be subject to a higher standard of proof,'" has "long held that sentencing facts in the 'ordinary case' need only be proven by a preponderance." United States v. Olsen, 519 F.3d 1096, 1105(10th Cir. 2008)(quoting United States v. Washington, 11 F.3d 1510, 1516 (10th Cir. 1993)).[2]  "[T]he application of an enhancement . . . does not implicate

---

[2]Although the Tenth Circuit states in United States v. Washington that "the issue of a higher than a preponderance standard is foreclosed in this circuit," 11 F.3d at 1516, the Tenth Circuit has since characterized its holding as leaving "open the possibility that due process may require proof by clear and convincing evidence before imposition of a Guidelines enhancement that increases a sentence by an 'extraordinary or dramatic' amount," United States v. Ray, 704 F.3d at 1314 (quoting United States v. Olsen, 519 F.3d at 1105).  See United States v. Olsen, 519 F.3d at 1105 (affirming the use of the preponderance-of-the-evidence standard for sentencing facts that increase a sentence in the "'ordinary case'" (quoting United States v. Washington, 11 F.3d at 1516)).  The Tenth Circuit has not yet found that an "extraordinary or dramatic" instance warrants a higher standard of proof for certain facts that enhance a defendant's sentence.  United States v. Olsen, 519 F.3d at 1105 (explaining that it need not determine whether a higher standard of proof is required to sentence a defendant for committing perjury in relation to a grand jury investigation, because the enhancement does not require the district court to determine that the defendant committed murder, but only that he obstructed a homicide investigation).  See United States v. Constantine, 263 F.3d 1122, 1125 n.2 (10th Cir. 2001)(affirming a preponderance-of-the-evidence standard for facts that enhance a defendant's offense level 4 levels); United States v. Valdez, 225 F.3d 1137, 1143 n.2 (10th Cir. 2000)(rejecting the defendant's argument that a dramatic increase in a sentence because of a sentencing judge's finding of additional amounts of methamphetamine associated with acquitted charges entitled the defendant to a clear-and-convincing evidence standard at sentencing, and noting that the Tenth Circuit "foreclosed by binding precedent" this argument); United States v. Washington, 11 F.3d at 1516 (concluding that a district court need not find by any

the Supreme Court's holding in Apprendi v. New Jersey." United States v. Reyes-Vencomo, No. CR 11-2563 JB, 2012 WL 2574810, at *7 (D.N.M. June 26, 2012)(Browning, J.). The Tenth Circuit applies Apprendi v. New Jersey's requirement that a fact be submitted to a jury only where the fact would increase a defendant's sentence "above the statutory maximum permitted by the statute of conviction." United States v. Price, 400 F.3d 844, 847 (10th Cir. 2005). Accord United States v. Ray, 704 F.3d at 1314. A defendant may assert an error under Apprendi v. New Jersey only where the fact at issue increases his or her sentence beyond the statutory maximum. See United States v. O'Flanagan, 339 F.3d 1229, 1232 n.2 (10th Cir. 2003)(holding that a defendant cannot not assert an error under Apprendi v. New Jersey, because "his sentence does not exceed the statutory maximum"); United States v. Hendrickson, 592 F. App'x 699, 705 (10th Cir. 2014)(unpublished)(holding that, after Alleyne v. United States, "[i]t is well-established that sentencing factors need not be charged in an indictment and need only be proved to the sentencing judge by a preponderance of the evidence").[3] The Court has noted:

---

more than a preponderance of the evidence the amount of cocaine a defendant distributed, even though its findings increases the defendant's sentence from twenty years to consecutive forty-year terms). Subsequent to United States v. Washington, the Tenth Circuit reiterates the position that preponderance of the evidence is the proper standard, stating: "The Supreme Court has not adopted a heightened standard of proof at sentencing for contested facts, thus we hold that the correct standard of proof in this case was a preponderance of the evidence. This issue has been foreclosed in this Circuit." United States v. Robertson, 946 F.3d 1168, 1171 (10th Cir. 2020)(citing United States v. Constantine, 263 F.3d 1122, 1125 n.2 (10th Cir. 2001)).

[3]United States v. Hendrickson, 592 F. App'x 699 (10th Cir. 2014), is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit states:

> In this circuit, unpublished orders are not binding precedent . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

> [A]lthough the decision of the Supreme Court of the United States in Alleyne v. United States . . . expands the rule from Apprendi v. New Jersey, . . . (holding that facts that increase the maximum sentence a defendant faces must be proven to a jury beyond a reasonable doubt), to cover facts that increase the mandatory minimum sentence, as well as the maximum sentence, it does not prohibit district judges from continuing to find advisory sentencing factors by a preponderance of the evidence. See [United States v. Sangiovanni, No. CR 10-3239 JB,] 2014 WL 4347131, at *22-26 [(D.N.M. August 29, 2014)(Browning, J.)].

United States v. Cervantes-Chavez, 59 F. Supp. 3d at 1315. The Supreme Court clarifies that "[b]oth the 'floor' and 'ceiling' of a sentencing range 'define the legally prescribed penalty.' . . . And under our Constitution, when 'a finding of fact alters the legally prescribed punishment so as to aggravate it,' that finding must be made by a jury of the defendant's peers beyond a reasonable doubt." United States v. Haymond, 588 U.S. 634, 645 (2019)(quoting Alleyne v. United States, 570 U.S. at 112-14). Further, the Tenth Circuit determines that a district court can use its own finding on drug quantity to enhance a defendant's Guidelines range consistent with Alleyne v. United States, "so long as the court does not use its own drug quantity finding to alter the defendant's statutory sentencing range." United States v. Cassius, 777 F.3d 1093, 1094 (10th Cir. 2015)(emphasis in original).

## ANALYSIS

The Court sustains Lopez' Objections and concludes that U.S.S.G. § 2k2.1(b)(6)(B)'s 4-level enhancement does not apply. The United States does not meet its burden to show that Lopez' heroin, methamphetamine, and fentanyl possession is in connection with his firearm possession. First, the Court addresses Lopez' challenge to the PSR's facts. Rule 32(i)(3) of the Federal Rules of Criminal Procedure provides:

---

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(unpublished). The Court concludes that United States v. Hendrickson has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

> (3) **Court Determinations.** At sentencing, the court:
>
>> (A) may accept any undisputed portion of the presentence report as a finding of fact;
>>
>> (B) must -- for any disputed portion of the presentence report or other controverted matter -- rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing; and
>>
>> (C) must append a copy of the court's determinations under this rule to any copy of the presentence report made available to the Bureau of Prisons.

Fed. R. Crim. P. 32(i)(3). Lopez objects to the PSR's facts; he contends that law enforcement officers find the heroin in the living room, not in his bedroom. See Objections at 3. The Court, however, concludes that ruling on Lopez' objection is unnecessary, because the heroin's location within the apartment does not affect the Court's analysis of the enhancement's application. See Fed. R. Crim. P. 32(i)(3)(B). Accordingly, the Court adopts the PSR's facts as the Court's findings of fact. See Federal R. Crim. P. 32(i)(3)(A).

Section 2K2.1(b)(6)(B) requires that the defendant use or possess the firearm "in connection with," or "with knowledge, intent, or reason to believe that it would be used or possessed in connection with" another felony offense. USSG § 2K2.1(b)(6)(B). The Commentary further explains that the firearm must have "facilitated, or had the potential of facilitating, another felony offense or another offense, respectively." USSG § 2K2.1(b)(6)(B) cmt. n.14(A). See United States v. Sanchez, 22 F.4th 940, 942 (10th Cir. 2022)("In this Circuit, however, we have long interpreted 'in connection with' as used in subsection (b)(6)(B) [. . .] as requiring the Government to show by a preponderance of evidence that the firearm facilitated or had the *potential* to facilitate, *i.e.*, make easier, another felony offense.")(emphasis in original)(ellipses added). The Tenth Circuit further clarifies that "possession of a firearm may facilitate an offense by emboldening the possessor to commit the offense." United States v. Justice, 679 F.3d 1251,

1255 (10th Cir. 2012)(Hartz, J.)(first citing United States v. West, 643 F.3d 102, 116 (3rd Cir. 2011); then citing United States v. Jeffries, 587 F.3d 690, 695 (5th Cir. 2009); then citing United States v. Jenkins, 566 F.3d 160, 162 (4th Cir. 2009); then citing United States v. Fuentes Torres, 529 F.3d 825, 827 (8th Cir. 2008); and then citing United States v. Bullock, 526 F.3d 312, 318 (6th Cir. 2008)).

It is settled law in the Tenth Circuit that, when "a drug user chooses to carry his illegal drugs out into public with a firearm, there are many ways in which the weapon can facilitate the drug offense and dangerously embolden the offender." United States v. Justice, 679 F.3d at 1255. See United States v. Sanchez, 22 F.4th at 942 (applying the 4-level enhancement under § 2K2.1(b)(6)(B), because the defendant's possession of a loaded firearm emboldened him to accept the "enhanced risk" of possessing a stolen vehicle); United States v. Cantone, No. CR 22-0593 JB, 2024 WL 150103 (D.N.M. Jan. 12, 2024)(Browning, J.)(applying the § 2K2.1(b)(6)(B) enhancement when the defendant possesses a firearm and drugs in his car in a motel parking lot). On the other hand, the Court has held recently that, when a defendant possesses drugs and a gun in private, not in public, the § 2K2.1(b)(6)(B) does not necessarily apply. See United States v. Olaiz, No. CR 24-0889-JB, 2024 WL 4371454 (D.N.M. Oct. 2, 2024)(Browning, J.)("Olaiz").  In Olaiz, the defendant possesses a firearm in his hotel room, along with a personal-use quantity of cocaine. See Olaiz, 2024 WL 4371454 at *6. The Court describes the evidence connecting the defendant's possession of the cocaine and his possession of the firearm as "tenuous," and concludes that "the United States shows only that both are in the same hotel room at the same time -- but nothing more." 2024 WL 4371454 at *5. Moreover, in concluding that the enhancement does not apply, the Court relies on the United States Court of Appeals for the Sixth Circuit's observation in United States v. Hardin, 248 F.3d 489 (6th Cir. 2001), that the § 2K2.1(b)(6)

enhancement does not apply "merely upon proof that narcotics and firearms were present in the same residence, or even in the same room." United States v. Hardin, 248 F.3d at 495-96.

Here, the United States has not shown by a preponderance of evidence that Lopez' possession of the guns "emboldens" his possession of heroin, methamphetamine, and fentanyl. United States v. Justice, 679 F.3d at 1255. Unlike the defendants in United States v. Justice and United States v. Sanchez, Lopez does not possess the drugs and the gun in a public place, such that carrying the gun makes him feel safer carrying the drugs. Instead, the drugs and the gun are in Lopez' apartment. See PSR ¶ 13, at 6-7. The Court declines to apply reflexively the § 2K2.1(b)(6)(B) enhancement whenever a defendant possesses a firearm, along with drugs in personal-use quantities, in his or her home.[4] Without more, the presence of a gun and personal-use amounts of drugs in a home is not likely to be used in connection with the crime of drug possession.

**IT IS ORDERED** that: (i) the Objections to the Pre-Sentence Investigation Report and Sentencing Memorandum Submitted on Behalf of Defendant Stephan Lopez, filed November 30, 2023 (Doc. 35), are sustained, in part, and overruled in part; (ii) the Court finds that the gun was in the Defendant's bedroom; (iii) the Court finds that the gun was not used in connection with his drug possession; (iv) the U.S.S.G. § 2k2.1(b)(6)(B) enhancement does not apply; (v) the applicable

---

[4]The Second Addendum to the Presentence Report, filed December 6, 2023 (Doc. 36), argues for § 2K2.1(b)'s application, and cites to United States v. Maxey-Velasquez, No. 1:21-CR-00750-WJ, 2022 WL 3715869 (D.N.M. Aug. 27, 2022)(Johnson, C.J.)("Maxey-Velasquez") in support of its argument. See Second Addendum to the Presentence Report at 2. In that case, however, the defendant carries a gun and possesses drugs in public while driving a stolen trailer. See Maxey-Velasquez, 2022 WL 3715869 at *1. Maxey-Velasquez, therefore, applies the United States v. Justice principle: drugs and guns in public often results in a § 2K2.1(B) enhancement. See Maxey-Velasquez, 2022 WL 3715869 at *3. Lopez' conduct here falls outside that scenario.

offense level is 17; (vi) the applicable criminal history category is IV; and (vii) the United States Sentencing Guidelines establish an imprisonment range of 37-46 months.

                                                          _____
                                                          UNITED STATES DISTRICT JUDGE

*Counsel:*

Alex M. M. Uballez
  United States Attorney
Paul J. Mysliwiec
  Assistant United States Attorney
Blake Nichols
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Michael L. Rosenfield
The Law Office of Michael L. Rosenfield
Albuquerque, New Mexico

    *Attorneys for the Defendant*